UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUNIL UNNIKRISHNAN and<br>JASON BRADLEE<br><br>Plaintiffs<br><br>v.<br><br>IOT.NXT AMERICAS USA, INC., IOT.nxt, B.V.,<br>VODACOM GROUP LIMITED and<br>VODAPHONE GROUP, PLC<br><br>Defendants | § § § § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO. _____<br><br><br><br><br><br>JURY TRIAL DEMANDED |

COMPLAINT

Plaintiffs Sunil Unnikrishnan ("Unnikrishnan") and Jason Bradlee ("Bradlee"), for their Complaint against Defendants IOT.nxt USA, Inc. ("IOT"), IOT.nxt, B.V. ("BV"), Vodacom Group Limited ("Vodacom") and Vodaphone Group, PLC ("Vodaphone"), would show as follows:

Parties

1. Plaintiffs are individuals.

2. IOT, BV, Vodacom and Vodaphone are corporations. BV controlled or controls IOT and Vodacom controlled or controlled BV and Vodaphone controls Vodacom. IOT, BV, Vodacom and Vodaphone may be served with summons and this Complaint under the Hague Convention for Service of Process Abroad as follows: in the case of IOT, through the Secretary of State of Delaware, as a Delaware corporation; in the case of BV, through any officer at Zuil Holland 7, The Hague, 2596AL, The Netherlands, Hague, Netherlands; in the case of Vodacom, through any officer at Vodacom Corporate Park, 13th Road, Noordwyk Midrand, 1687, South

Africa, and in the case of Vodaphone, through any officer at Vodaphone House, The Connection, Newbury, Berkshire, England R6142FN.

Jurisdiction and Venue

3. This Court has jurisdiction on the ground of diversity under 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391 because one or both of Plaintiffs were solicited for employment in this District and both were employed in this District by IOT.

Facts

5. Prior to October 11, 2018, Bradlee was solicited by representatives of IOT and BV to join IOT and became employed by it on October 15, 2018. Prior to December 1, 2018, Unnikrishnan was solicited by representatives of IOT and BV to join IOT and became employed by it on December 1, 2018.

6. On October 15, 2019, Bradlee became employed by IOT in reliance on a representation, promise and agreement that he was entitled to 4% of all shares in IOT and .05% of all shares in BV without the necessity of vesting. A copy of his offer letter in that regard is attached as <u>Exhibit A</u>. On December 1, 2018, Unnikrishnan became employed by IOT in reliance on a representation, promise and agreement that he was entitled to 50,000 shares in IOT vesting over a three-year period (or sooner if BV achieved $100 million in revenue). A copy of his offer letter in that regard is attached as <u>Exhibit B</u>. Unnikrishnan and Bradlee would not have left their prior employment and accepted employment with IOT but for the representations, promises and agreements stated.

7. In or around September or October 2019, Vodacom purchase a controlling interest in BV. In connection with the acquisition by Vodacom of a controlling interest in BV, Vodacom and Vodaphone, in the process of due diligence, acquired knowledge of terms of employment of Unnikrishnan and Bradlee, including their equity interests in IOT and BV.

8. Between September and October 2019 and 2022, Unnikrishnan continued to work for IOT, including winning an award in 2021.

9. In or around March 2021, IOT terminated Bradlee without accounting for any of the shares of IOT and BV represented, promised and agreed he was entitled to without the necessity of vesting.

10. In March 2022, IOT terminated Unnikrishnan effective April 1, 2022 without accounting for any of the shares of BV which it had been represented, promised and agreed he would become entitled to and in which he vested based on the three-year vesting schedule.

11. On information and belief, the value of 100% of shares of BV is $200,000,000 and the value of 100% of the shares of IOT is a material portion of such $200,000,000. Vodacom is a publicly traded company and is owned, to the extent of 65% of its shares, by Vodaphone, also a publicly traded company.

## Claims

12. For first cause of action, Unnikrishnan would show that IOT and BV breached a contract. He is accordingly entitled to actual damages, attorney's fees, pre-judgment interest and costs.

13. For second cause of action, Unnikrishnan would show that IOT and BV defrauded him. He is accordingly entitled to actual damages, punitive damages, pre-judgment interest and costs.

14. For third cause of action, Unnikrishnan would show that IOT and BV are estopped from denying the promise they made to him. He is accordingly entitled to actual damages, prejudgment interest, attorney's fees and costs.

15. For fourth cause of action, Bradlee would show that IOT and BV breached a contract. He is accordingly entitled to actual damages, attorney's fees, prejudgment interest and costs.

16. For fifth cause of action, Bradlee would show that IOT and BV defrauded him. He is accordingly entitled to actual damages, punitive damages, prejudgment interest and costs.

17. For sixth cause of action, Bradlee would show that IOT and BV are estopped from denying the promise they made to him. He is accordingly entitled to actual damages, prejudgment interest, attorney's fees and costs.

18. For seventh cause of action, Unnikrishnan would show that Vodacom, and, through Vodacom, Vodaphone, purchased a controlling interest in BV without accounting to Unnikrishnan for his equity interest as a shareholder in BV, and thereby unlawfully converted property of Unnikrishnan. He is accordingly entitled to actual damages, prejudgment interest, attorney's fees and costs.

19. For eighth cause of action, Bradlee would show that Vodacom, and, through Vodacom, Vodaphone, purchased a controlling interest in IOT and BV without accounting to Bradlee for his equity interest as a shareholder in IOT and BV, and thereby unlawfully converted property of Bradlee. He is accordingly entitled to actual damages, prejudgment interest, attorney's fees and costs.

20. Plaintiffs demand a jury.

WHEREFORE, Plaintiff prays for the relief referred to in paragraphs 12 through 19 and all other relief to which he may be entitled.

        Respectfully submitted,

        /s/ Robert E. Goodman, Jr.
        Robert E. Goodman, Jr.
        State Bar No. 08158100
        reg@kilgorelaw.com
        Kilgore & Kilgore, PLLC
        3141 Hood Street, Suite 500
        Dallas, Texas 75219
        (214) 379-0843 Telephone
        (214) 379-0840 Telecopy

        ATTORNEY FOR PLAINTIFF