# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SUNIL UNNIKRISHNAN and JASON BRADLEE, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No.4:22-cv-870 |
| IOT.NXT AMERICAS USA, INC. IOT.NXT, B.V., VODACOM GROUP LIMITED and VODAFONE GROUP, PLC, | § § § § § | Judge Mazzant |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Vodacom Group Limited and Vodafone Group, PLC's Rule 12(b)(2) and 12(b)(6) Motions to Dismiss (Dkt. #15). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This is an employment case involving allegedly unpaid compensation and equity interests. On October 12, 2022, Plaintiffs Unnikrishnan and Bradlee filed suit against Defendants IoT.nxt Americas USA, Inc. ("IoT USA"), IoT.nxt B.V. ("BV"), Vodacom Group Limited ("Vodacom"), and Vodafone Group, PLC ("Vodafone") (collectively, "Defendants") (*See* Dkt. #37-2 at p. 1).[1]

---

[1]  The Court notes that the parties use different names to refer to the same pleadings. For instance, Plaintiffs' "Second Amended Complaint" (Dkt. #37-2) is described by Defendants as the "proposed Third Amended Complaint" (See Dkt. #39 at pp. 6–7). Similarly, Defendants' briefing references Plaintiffs' "Amended Complaint" where Plaintiffs identify it simply as their "Complaint" (*compare* Dkt. #6, *with* Dkt. #15 at p. 1). To avoid confusion, the Court will adopt Plaintiffs' nomenclature and refer to the pleadings using the titles Plaintiffs assigned in their filings.

Plaintiffs allege various causes of action against Defendants, including breach of contract, fraud, promissory estoppel, conversion, and a declaratory judgment (Dkt. #37-2 at pp. 7–8). The issue before the Court is two-fold: (1) whether it can exercise personal jurisdiction over Defendants Vodacom and Vodafone, and (2) whether Plaintiff's Second Amended Complaint pleads sufficient factual detail to survive dismissal under Rule 12(b)(6).

Between October and December 2018, Defendant IoT USA's representatives solicited Plaintiffs for employment (*See* Dkt. #37-2 at pp. 11–12, 16–17). As part of this recruitment, Plaintiffs received offer letters outlining compensation packages that included salary, incentives, and equity interests in BV and related entities (Dkt. #15 at pp. 11–12; *see* Dkt. #37-2 at pp. 11–12, 16–17). Plaintiffs claim they accepted these offers and began employment with Defendant IoT USA—Bradlee in October 2018 and Unnikrishnan in December 2018 (Dkt. #15 at p. 12). According to Plaintiffs, in or around September or October 2019, Defendant Vodacom acquired a controlling interest in Defendant BV (Dkt. #15 at p. 21). Plaintiffs allege that, during this acquisition, Defendants Vodacom and Vodafone became aware of Plaintiffs' employment terms, including their claimed equity interests in BV and IoT USA (Dkt. #15 at p. 21). Plaintiffs contend that Defendants Vodacom and Vodafone neglected to ensure that Defendant BV accounted for Plaintiffs' equity interests, thereby converting Plaintiffs' property (Dkt. #22 at p. 8).

Defendants dispute these assertions, arguing that Defendant Vodacom is a South African company with no presence in Texas or the United States and that Defendant Vodafone is a British company likewise lacking contacts with Texas (Dkt. #15 at pp. 8–9). Defendants Vodafone and Vodacom maintain that they never employed Plaintiffs, never owned property, conducted business, or purposefully directed any activities toward the United States, let alone Texas. In fact,

Defendants Vodafone and Vodacom claim they were only tangentially connected to Plaintiffs through Defendant Vodacom's acquisition of Defendant BV (Dkt. #15 at pp. 13–14, 21).

On October 2, 2023, Defendants Vodacom and Vodafone moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim (Dkt. #15). On November 6, 2023, Plaintiffs filed their Response, arguing that Defendants' acquisition and alleged failure to honor their claimed equity rights supported personal jurisdiction and a claim for conversion (Dkt. #22). On December 11, 2023, Defendants Vodacom and Vodafone filed their Reply, contending that Plaintiffs' filings offered only conclusory assertions and failed to adequately plead jurisdictional facts or the elements of conversion (Dkt. #29). The same day, Defendants Vodacom and Vodafone filed a supplemental Motion to Dismiss maintaining that the Second Amended Complaint[2] similarly could not support personal jurisdiction and failed to state a claim (Dkt. #26). On December 22, 2023, Plaintiffs filed their Amended Response, insisting that the Second Amended Complaint adequately pleaded facts supporting personal jurisdiction and viable claims against Defendants (Dkt. #35). On February 9, 2024, Plaintiff further filed a Supplemental Response (Dkt. #38). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I.    Rule 12(b)(2) Legal Standard

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to

---

[2] Plaintiff's Second Amended Complaint is the operative complaint (Dkt. #37-2). The Court will accordingly consider Defendants' pending Motions to Dismiss as directed toward Plaintiffs' Second Amended Complaint (*See* Dkt. #34 at pp. 1–2).

establish that in personam jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 216–17 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

4

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted). However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 610 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their actions." *Burger King Corp.*, 471 U.S. at 473 (citing *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated[] . . . or of the unilateral activity of another party or third person." *Id.* at 475 (citation modified).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "[I]t is rare to say the assertion of jurisdiction is unfair

after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009)

(quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## II.      Rule 12(b)(6) Legal Standard

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short

and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint

fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a

motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the

plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City

of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any

documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays

Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the

complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not

permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679

(quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendants' Motion presents two issues to the Court, namely:

(1)    Whether the Court may exercise personal jurisdiction over foreign Defendants Vodacom and Vodafone under Rule 12(b)(2); and

(2)    Assuming the Court does have jurisdiction, whether Plaintiffs have stated a plausible claim for relief under Rule 12(b)(6).

(*See* Dkt. #15 at p. 9). The Court analyzes each issue in turn below.

## I.    Personal Jurisdiction

The Court begins by considering whether it may exercise personal jurisdiction over either Defendant Vodafone or Defendant Vodacom. In the absence of an evidentiary hearing, Plaintiff bears the burden of establishing a prima facie case for the exercise of jurisdiction over Defendants. *See Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2002). Meeting this

standard requires pleading factual allegations that support the exercise of jurisdiction, not mere legal conclusions or bare assertions. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

As discussed above, personal jurisdiction over a nonresident defendant exists only if the forum state's long-arm statute is satisfied and the exercise of jurisdiction complies with the Due Process Clause. *Id.* at 867. Because the Texas long-arm statute is coextensive with federal constitutional limits, the personal jurisdiction analysis collapses into a single question: whether the defendant has sufficient minimum contacts with the forum state such that maintaining the suit does not offend "traditional notions of fair play and justice." *Int'l Shoe Co.*, 326 U.S. at 316; *Sangha v. Navig8 ShipMgmt. Private Ltd.* 882 F.3d 96, 101 (5th Cir. 2018).

There are two types of personal jurisdiction: general and specific. General jurisdiction allows a court to hear any claim against a defendant whose affiliations with the forum state are so "continuous and systematic" as to render the defendant essentially at home in the forum. *Daimler*, 571 U.S. at 127. Specific jurisdiction, by contrast, exists only when the defendant has purposefully directed activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp.*, 471 U.S. at 472–73; *Sangha*, 882 F.3d at 101. Because Plaintiffs do not identify whether their theory supports general or specific jurisdiction, the Court will address each basis in turn.

### A.    The Court does not have general jurisdiction over either Defendant.

The Court first considers whether the Second Amended Complaint pleads sufficient facts giving rise to general jurisdiction over either Defendant. For the reasons discussed below, the Court finds that it does not.

1.    **Plaintiff's pleaded facts do not give rise to general jurisdiction over Defendant Vodafone.**

Defendant Vodafone is a British corporation with its principal place of business in the United Kingdom (Dkt. #15-2 at pp. 1–2). Defendant Vodafone has submitted a sworn declaration confirming it has no physical presence in Texas, owns no property in Texas, and employs no personnel in Texas (Dkt. #15-2 at pp. 1–2). Plaintiffs do not dispute these facts. Instead, they rely on vague references to Defendant Vodafone's operations in the United States (Dkt. #37-2 at p. 6; Dkt. #35 at p. 4). This kind of threadbare showing cannot overcome Vodafone's uncontroverted declaration. Indeed, even if Vodafone did conduct substantial business nationwide, that alone is insufficient to support general jurisdiction unless the company is "at home" in the forum state. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017). The Court finds that Defendant Vodafone is not "at home" in Texas. *Daimler*, 571 U.S. at 127. Accordingly, the Court finds that Vodafone is not subject to general jurisdiction here.

2.    **Plaintiff's pleaded facts do not give rise to general jurisdiction over Defendant Vodacom.**

Plaintiffs do not contend that the Court may exercise general jurisdiction over Defendant Vodacom, and the Second Amended Complaint provides no basis for doing so (*See generally* Dkt. #37-2). General jurisdiction requires contacts so "continuous and systematic that the defendant is "essentially at home" in the forum. *Daimler*, 571 U.S. at 127.

Vodacom is a South African entity with no offices, employees, or operations in the United States, let alone Texas (Dkt. #15-1 at pp. 1–2). The record reflects only that Defendant Vodacom has securities listed on the U.S. over-the-counter ("OTC") market (Dkt. #37-2 at pp. 6–7). But courts in this circuit have held that listing securities on the OTC market, without more, does not render a foreign defendant at home in the forum. *See, e.g., Sinkin v. Pons*, No. SA-13-CV-871-RCL,

2014 WL 12488583, at *4 (W.D. Tex. Sept. 16, 2014) ("In light of the demanding standard for assertion of general jurisdiction, [listing securities on a U.S. exchange] is insufficient."). Because Plaintiff has not plead facts to establish that Defendant Vodacom is essentially at home in this district, the Court cannot exercise general jurisdiction over Defendant Vodacom.

### B.    The Court does not have specific jurisdiction over either Defendant.

Having settled that the Court cannot exercise general jurisdiction over Defendants Vodafone and Vodacom, the Court now considers whether it can exercise specific jurisdiction. To do so, Plaintiffs must demonstrate that Defendants (1) purposefully directed its activities at Texas and (2) that their claims arise out of or relate to those forum-directed activities. *Sangha*, 882 F.3d at 101. If a plaintiff fails to show either that the defendant contacted the forum or that such contact is sufficient to satisfy the minimum contacts test, the Court cannot exercise specific jurisdiction. *See Seiferth*, 472 F.3d at 271. Here, the Court likewise finds that it cannot exercise specific jurisdiction over Defendant Vodafone or Vodacom.

### 1.    Plaintiffs' pleaded facts do not give rise to specific jurisdiction over Defendant Vodafone.

Plaintiffs have not made a prima facie showing that Defendant Vodafone purposefully directed any activities toward Texas or engaged in forum-related conduct giving rise to Plaintiffs' claims. Although Defendant Vodafone is Defendant Vodacom's parent company with a controlling interest, a parent-subsidiary relationship's mere existence is insufficient to establish jurisdiction (*See* Dkt. #37-2 at pp. 1–2). *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *see also Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983). But Plaintiffs offer no evidence that Defendant Vodafone controls Defendant Vodacom's operations in Texas, or that Defendant Vodacom functions as Defendant Vodafone's agent in Texas. Without such evidence,

Plaintiffs cannot demonstrate that Defendant Vodafone purposefully engaged in conduct directed at Texas, or that any of Defendant Vodacom's contacts should be attributed to Defendant Vodafone. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) (citation omitted) ("[g]enerally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business in the forum state"). Absent evidence of direct involvement or control over the conduct underpinning Plaintiffs' claims, the Court cannot find that Defendant Vodafone has sufficient contact with Texas to give rise to personal jurisdiction. *See id.*

Further, Plaintiffs do not allege that Defendant Vodafone directly communicated or engaged in employment negotiations with Plaintiffs. The record shows only that Defendant Vodacom—not Defendant Vodafone—communicated with Plaintiffs regarding equity compensation in connection with the 2019 IoT.nxt acquisition (Dkt. #37-2 at p. 4). And Plaintiffs cannot rely on the unilateral activity of another party to establish jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 282 (2014). Thus, Plaintiffs have not established specific jurisdiction over Defendant Vodafone because Plaintiffs do not show Defendant Vodafone specifically directed conduct toward Texas. *Walden*, 571 U.S. at 282; *see also Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Burger King Corp.*, 471 U.S. at 463–64, 472) (internal quotations omitted).

### 2. Plaintiff's pleaded facts do not give rise to specific jurisdiction over Defendant Vodacom.

Finally, the Court assesses whether specific jurisdiction exists over Defendant Vodacom. Plaintiffs' claims against Defendant Vodacom arise from a dispute over equity compensation allegedly promised in their employment agreements with Defendants IoT.nxt and BV (Dkt. #37-2 at pp. 4–5). Plaintiffs assert that Defendant Vodacom, after acquiring a 51% interest in Defendant

BV in 2019, contacted Plaintiffs to discuss restructuring or substituting their shares (Dkt. #37-2 at p. 4). More specifically, Defendant Vodacom's representatives proposed that Plaintiffs exchange shares in Defendants BV and BV USA for other forms of compensation (Dkt. #37-2 at pp. 4–5). Plaintiffs declined and later alleged that their equity was never honored (Dkt. #37-2 at pp. 4–5). Plaintiff Bradlee's declaration states that Defendant Vodacom initiated these discussions by email, acknowledged Plaintiffs' preexisting equity rights, and sought a "commercial resolution" in lieu of vesting those shares (Dkt. #37-2 at pp. 4–5). Additionally, a manager affiliated with Defendant Vodacom at IoT.nxt allegedly corresponded with Plaintiff Bradlee to clarify the proposed equity structure, which appeared to revise Plaintiff Bradlee's share percentage (Dkt. #37-2 at pp. 11–12, 16–17, 28–30).

On this record, the Court cannot exercise specific jurisdiction over Defendant Vodacom. The record does not indicate that any of the communications at issue originated in Texas or targeted Texas-based operations. Rather, they arose out of a foreign corporate acquisition and employment relationship involving foreign entities. Plaintiffs do not allege that the disputed contracts were negotiated or performed in Texas (*See generally* Dkt. #37-2). Nothing in the emails indicates that Defendant Vodacom sought to conduct business in Texas rather than merely resolve an internal employment dispute involving two employees who happened to reside here. That cannot create personal jurisdiction because it speaks to Defendant Vodacom's ties to the Plaintiffs, not the forum itself. *See Walden*, 571 U.S. at 284 ("The plaintiff cannot be the only link between the defendant and the forum.").

Under Fifth Circuit precedent, emails sent to a forum resident are not sufficient to establish jurisdiction where the underlying conduct does not relate to the forum itself. *See Monkton*, 768 F.3d

at 433–34. That would be true even if Defendant Vodacom knew that Plaintiffs worked in Texas. *See Sangha*, 882 F.3d at 102 (declining to find jurisdiction based on awareness of plaintiff's location).

While email communications may be relevant to the underlying dispute, they are insufficient to support the Court's exercise of specific jurisdiction over Defendant Vodacom. The email negotiations cited by Plaintiffs occurred from 2019 to 2021 and focused on a single, short-lived compensation discussion that was ultimately unsuccessful (Dkt. #37-2 at pp. 22–31). These discrete communications do not reflect a sustained course of forum-related conduct. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). The emails are sporadic, limited in duration, and do not resemble the ongoing contact necessary to establish minimum contacts with Texas (*See generally* Dkt. #37-2 at pp. 14–58). The Court therefore cannot find that the emails personal jurisdiction.

Along the same lines, Plaintiffs' alleged injuries—the loss of shares or compensation—also do not sufficiently "arise out of or relate to" any conduct in Texas that would create specific jurisdiction. Plaintiffs have merely alleged incidental contact with Texas residents regarding a foreign dispute, which is insufficient to establish jurisdiction over a foreign corporation in a Texas court (*See generally* Dkt. #37-2 at pp. 2–7). Accordingly, the Court finds that Plaintiffs have not met their burden to establish specific jurisdiction over Defendant Vodacom.

In sum, Plaintiff's Second Amended Complaint pleads insufficient information to establish the requisite connection between the forum, the Defendants, and Plaintiffs' alleged claims under either general or specific jurisdiction theories. No factual evidence confirms that Defendants engaged in conduct purposefully availing themselves of the privileges and protections of Texas.

Accordingly, the Court cannot conclude that it has either general or specific jurisdiction over either Defendant. The Court must therefore **GRANT** Defendants' Motion on this ground.

## II.    Failure to State a Claim

Because the Court has dismissed Plaintiffs' claims for lack of personal jurisdiction under Rule 12(b)(2) without prejudice and granted Plaintiffs leave to file a Third Amended Complaint, it need not—and indeed cannot—reach the merits of the Defendant's Motion under Rule 12(b)(6) at this time. Defendants' Motion to Dismiss (Dkt. #16) is therefore **DENIED as moot**. Should Plaintiffs file a Third Amended Complaint, Defendant may renew or supplement its Rule 12(b)(6) Motion, and the Court will consider any such arguments on the updated pleadings at that time.

## CONCLUSION

It is therefore **ORDERED** that Defendants Vodacom Group Limited and Vodafone Group, PLC's Rule 12(b)(2) and 12(b)(6) Motions to Dismiss (Dkt. #15) are hereby **GRANTED in part** and **DENIED in part**. Plaintiff's claims against Defendants Vodacom and Vodafone are hereby **DISMISSED without prejudice**.

It is further **ORDERED** that Defendants Vodacom Group Limited and Vodafone Group, PLC's Supplement to Rule 12(b)(2) and 12(b)(6) Motions to Dismiss (Dkt. #26) is hereby **DENIED as moot**.

It is further **ORDERED** that Plaintiffs file a Third Amended Complaint within fourteen days of the entry of this Order. Failure to timely file a Third Amended Complaint will result in dismissal of this case with prejudice without further notice.

**IT IS SO ORDERED.**

**SIGNED this 28th day of July, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE