# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SUNIL UNNIKRISHNAN and JASON BRADLEE, §<br>§<br>§<br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>IOT.NXT AMERICAS USA, INC., §<br>IOT.NXT, B.V., VODACOM GROUP §<br>LIMITED and VODAFONE GROUP, §<br>PLC, §<br>§<br>*Defendants.* § | Civil Action No. 4:22-cv-870<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant IoT.nxt Americas USA, Inc.'s Rule 12(b)(6) Motion to Dismiss (Dkt. #16). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED as moot**.

## BACKGROUND

This is an employment case involving allegedly unpaid compensation and equity interests. On October 12, 2022, Plaintiffs Unnikrishnan and Bradlee filed suit against Defendants IoT.nxt Americas USA, Inc. ("IoT USA"), IoT.nxt B.V. ("BV"), Vodacom Group Limited ("Vodacom"), and Vodafone Group, PLC ("Vodafone") (collectively, "Defendants") (*See* Dkt. #37-2). Through it, Plaintiffs allege various causes of action against Defendants, including breach of contract, fraud, promissory estoppel, conversion, and a declaratory judgment (Dkt. #37-2 at pp. 7–8). The issue before the Court is whether Plaintiff's Second Amended Complaint[1] pleads sufficient factual detail

---

[1] Plaintiff's Second Amended Complaint is the operative complaint (*See* Dkt. #52 at p. 3).

supporting its breach of contract, fraud, and promissory estoppel claims to survive dismissal under FED. R. CIV. P. 12(b)(6).

Plaintiff's Second Amended Complaint alleges that, between October and December 2018, representatives of Defendants IoT USA and BV solicited Plaintiffs for employment (Dkt. #37-2 at pp. 2–3; *see* Dkt. #20-1; Dkt. #20-2). As part of this recruitment, Plaintiffs further allege that they received offer letters outlining compensation packages that included salary, incentives, and equity interests in BV and related entities (Dkt. #37-2 at pp. 2–3; *see* Dkt. #20-1; Dkt. #20-2). Plaintiffs claim they accepted these offers and began employment with Defendant IoT USA—Bradlee in October 2018 and Unnikrishnan in December 2018 (Dkt. #37-2 at p. 2).

According to Plaintiffs' Second Amended Complaint, in or around September or October 2019, Defendant Vodacom acquired a controlling interest in Defendant BV (Dkt. #37-2 at p. 4). The Second Amended Complaint also alleges that, during this acquisition, Defendants Vodacom and Vodafone became aware of Plaintiffs' employment terms, including their claimed equity interests in BV and IoT USA (Dkt. #37-2 at pp. 6–8). Plaintiffs contend that Defendants Vodacom and Vodafone neglected to ensure that Defendant BV accounted for Plaintiffs' equity interests, thereby converting Plaintiffs' property (Dkt. #37-2 at p. 8).

On October 10, 2023, Defendant IoT USA moved to dismiss under Rule 12(b)(6) (Dkt. #16). On November 6, 2023, Plaintiffs filed their Response, arguing that they alleged sufficient facts to survive dismissal (Dkt. #21). On December 11, 2023, Defendants Vodacom and Vodafone filed their Reply, contending that Plaintiffs' filings offered only conclusory assertions, failed to adequately plead jurisdictional facts or the elements of conversion, and improperly relied

on its Second Amended Complaint[2] filed without leave of court (Dkt. #29). The Motion is now ripe for ajudication.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not

---

[2]  The Court notes that the parties use different names to refer to the same pleadings. For example, Plaintiff's "Amended Complaint" (Dkt. #20) is described by Defendants as the "Second Amended Complaint" (*See* Dkt. #40 at p. 2). Similarly, in another brief, Defendants describes as an "Amended Complaint" the filing Plaintiffs simply call their "Complaint" (*compare* Dkt. #6, *with* Dkt. #15 at p. 1). To avoid confusion, the Court will adopt Plaintiff's nomenclature and refer to the pleadings using the titles Plaintiffs assigned in their filings.

permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Because the Court has dismissed Plaintiffs' claims for lack of personal jurisdiction under Rule 12(b)(2) without prejudice and granted Plaintiffs leave to file a Third Amended Complaint (*See* Dkt. #52), it need not—and indeed cannot—reach the merits of the Defendant's Motion under Rule 12(b)(6) at this time. Defendants' Motion to Dismiss (Dkt. #16) is therefore **DENIED as moot**. Should Plaintiffs file a Third Amended Complaint, Defendant may renew or supplement its Rule 12(b)(6) Motion, and the Court will consider any such arguments on the updated pleadings at that time.

## CONCLUSION

It is therefore **ORDERED** that Defendant IoT.nxt Americas USA, Inc.'s Rule 12(b)(6) Motion to Dismiss (Dkt. #16) is hereby **DENIED as moot**.

It is further **ORDERED** that Defendant IoT.nxt USA, Inc.'s Supplement to Rule 12(b)(6) Motion to Dismiss (Dkt. #28) is hereby **DENIED as moot**.

**IT IS SO ORDERED.**

**SIGNED this 28th day of July, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE