# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SUNIL UNNIKRISHNAN and JASON BRADLEE, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | |
| | § | Civil Action No. 4:22-cv-870 |
| IOT.NXT AMERICAS USA, INC., IOT.NXT B.V., VODACOM GROUP LIMITED, and VODAFONE GROUP, PLC, | § § § § | Judge Mazzant |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant IoT.nxt, B.V.'s Rule 12(b)(2) and 12(b)(6) Motions to Dismiss (Dkt. #17). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This is an employment case involving allegedly unpaid compensation and equity interests. On October 12, 2022, Plaintiffs Unnikrishnan and Bradlee filed suit against Defendants IoT.nxt Americas USA, Inc. ("IoT USA"), IoT.nxt B.V. ("BV"), Vodacom Group Limited ("Vodacom"), and Vodafone Group, PLC ("Vodafone") (collectively, "Defendants") (*See* Dkt. #37-2 at p. 1). Through it, Plaintiffs allege various causes of action against Defendants, including breach of contract, fraud, promissory estoppel, conversion, and a declaratory judgment (Dkt. #37-2 at pp. 7–8). The issue before the Court is two-fold: (1) whether it can exercise personal jurisdiction

over Defendant IoT.nxt B.V., and (2) whether Plaintiffs' Second Amended Complaint[1] pleads sufficient factual detail to survive dismissal under Rule 12(b)(6).

Between October and December 2018, Plaintiffs claim that representatives of Defendant IoT USA and Defendant BV solicited Plaintiffs to leave their prior employment and work for Defendant IoT USA in Texas (*See* Dkt. #37-2 at p. 2; Dkt. #37-2 at pp. 11–12, 16–17). As part of this recruitment, Plaintiffs received offer letters outlining compensation packages including salary, incentives, and equity interests in Defendant BV and related entities (Dkt. #15 at pp. 11–12; Dkt. #37-2 at pp. 11–12, 16–17). Plaintiffs claim they accepted these offers and began employment with Defendant IoT USA—Bradlee in October 2018 and Unnikrishnan in December 2018 (Dkt. #15 at p. 12; Dkt. #37-2 at p. 2). Plaintiffs allege that they relied on the equity terms in deciding to work for Defendant IoT USA in Texas (Dkt. #37-2 at p. 2) Plaintiffs further allege that Defendant BV falsely represented the equity grants to induce that reliance and breached both contractual and promissory obligations by failing to deliver the promised shares (Dkt. #37-2 at p. 3).

Defendant BV argues that it is not subject to this Court's jurisdiction (Dkt. #17 at p. 7). Defendant BV is a Dutch company with its principal place of business and headquarters in the Netherlands (Dkt. #17-1 at p. 2). Defendant BV claims it never employed Plaintiffs, owned property, conducted business, or purposefully directed activities toward Texas (Dkt. #17-1 at p. 2).

---

[1] Plaintiff's Second Amended Complaint is the operative complaint (Dkt. #37-2; *see* Dkt. #52 at p. 3). The Court will accordingly consider Defendants' pending Motions to Dismiss as directed toward Plaintiffs' Second Amended Complaint (*See* Dkt. #52 at p. 3). Separately, the Court notes that the parties use different names to refer to the same pleadings. For instance, Plaintiffs' "Second Amended Complaint" (Dkt. #37-2) is described by Defendants as the "proposed Third Amended Complaint" (*See* Dkt. #39 at pp. 6–7). Similarly, Defendants' briefing references Plaintiffs' "Amended Complaint" where Plaintiffs identify that filing simply as their "Complaint" (*compare* Dkt. #6, *with* Dkt. #15 at p. 1). To avoid confusion, the Court will adopt Plaintiff's nomenclature and refer to the pleadings using the titles Plaintiffs assigned in their filings.

On October 2, 2023, Defendant BV moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim (Dkt. #17). On November 6, 2023, Plaintiffs filed their Response, arguing that Defendants BV's solicitation of Plaintiffs for employment supported personal jurisdiction (Dkt. #22). On December 11, 2023, Defendant BV filed its Reply, contending that Plaintiffs' offered only conclusory assertions, failed to adequately plead jurisdictional facts or the elements of conversion, and improperly relied on the Second Amended Complaint filed without leave of court (Dkt. #30). The same day, Defendant BV filed a supplemental Motion to Dismiss maintaining that the Second Amended Complaint similarly could not support personal jurisdiction and failed to state a claim (Dkt. #27). On December 22, 2023, Plaintiffs filed their Amended Response, insisting that the Second Amended Complaint adequately pleaded facts supporting personal jurisdiction and viable claims against Defendant BV (Dkt. #35). On February 9, 2024, Plaintiffs further filed a Supplemental Response (Dkt. #38). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I.     Rule 12(b)(2) Legal Standard

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that in personam jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 216–17 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215

(5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established

4

minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted). However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 610 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or

results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their actions." *Burger King Corp.*, 471 U.S. at 473 (citing *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated[] . . . or of the unilateral activity of another party or third person." *Id.* at 475 (citation modified).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "[I]t is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## II.    Rule 12(b)(6) Legal Standard

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."' *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

The Court begins with the question of whether Defendant BV is subject to personal jurisdiction. It is not. Plaintiffs claim that Defendant BV is subject to personal jurisdiction because "one or both of Plaintiffs were solicited for employment in this District" (Dkt. #37-2 at p. 2). Defendant BV disagrees on multiple grounds, asserting that: (1) the offer letter does not establish contact with this district (Dkt. #17 at p. 20); (2) a single employment-related communication with a forum resident[2] is insufficient to constitute purposeful availment (Dkt. #17 at p. 21); and (3) Plaintiffs' claims do not arise out of any conduct directed toward Texas because their alleged involvement was limited to the initial offer letter (Dkt. #17 at p. 20). According to Defendant BV, Plaintiffs have not met their burden to show a prima facie case for the exercise of personal jurisdiction. The Court agrees with Defendant BV.

## I.    Personal Jurisdiction

The Court begins by considering whether it may exercise personal jurisdiction over Defendant BV. In the absence of an evidentiary hearing, Plaintiffs bear the burden of establishing a prima facie case for the exercise of jurisdiction. *See Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2002). Meeting this standard requires pleading factual allegations that

---

[2]    Mr. Williams, a representative of Defendant BV, claims that Defendant BV was not involved in sending the offer letter (Dkt. #17-1 at p. 2).

support the exercise of jurisdiction, not mere legal conclusions or bare assertions. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

As discussed above, personal jurisdiction over a nonresident defendant exists only if the forum state's long-arm statute is satisfied and the exercise of jurisdiction complies with the Due Process Clause. *Id.* at 867. Because the Texas long-arm statute is coextensive with federal constitutional limits, the personal jurisdiction analysis collapses into a single question: whether the defendant has sufficient minimum contacts with the forum state such that maintaining the suit does not offend "traditional notions of fair play and justice." *Int'l Shoe Co.*, 326 U.S. at 316; *Sangha v. Navig8 ShipMgmt. Private Ltd.* 882 F.3d 96, 101 (5th Cir. 2018).

There are two types of personal jurisdiction: general and specific. General jurisdiction allows a court to hear any claim against a defendant whose affiliations with the forum state are so "continuous and systematic" as to render the defendant essentially at home in the forum. *Daimler AG*, 571 U.S. at 127. Specific jurisdiction, by contrast, exists only when the defendant has purposefully directed activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp.*, 471 U.S. at 472–73; *Sangha*, 882 F.3d at 101. Because Plaintiffs do not identify whether their theory supports general or specific jurisdiction, the Court will address each basis in turn. For the reasons discussed below, the Court finds that the facts pleaded in Plaintiffs' Second Amended Complaint do not give rise either to general or specific jurisdiction (*See* Dkt. #37-2).

## A.    The Court does not have general jurisdiction over Defendant BV.

As to general jurisdiction, the Court concludes that it does not exist because Plaintiffs have not shown that Defendant BV's contacts with Texas are so substantial, continuous, and systematic

as to render it essentially at home in the forum state.[3] Defendant BV argues that general jurisdiction does not exist because it has "no presence in the United States, nor does it have any operations, offices, employees, real or personal property, bank accounts, registered agents, or mailing addresses in Texas, or anywhere else in the United States. Further Defendant BV has never designed or manufactured products, solicited business, or advertised in Texas" (Dkt. #17–1 at p. 2). Thus, Defendant BV argues that it cannot be considered essentially at home in this forum. Plaintiffs do not specify whether they assert that personal jurisdiction exists over Defendant BV under a theory general or specific jurisdiction. Instead, they generally argue only that Defendant BV solicited Plaintiffs for employment in this District (Dkt. #37-2 at p. 2). Because Defendant BV addresses both general and specific jurisdiction in its Motion and expressly denies that it is subject to either, the Court will address each in turn, beginning with general jurisdiction. The Court agrees with Defendant BV that Plaintiffs' pleaded facts do not give rise to general jurisdiction.

Defendant BV is a Dutch company with its principal place of business and headquarters in the Netherlands (Dkt. #17-1 at p. 2). Under Fifth Circuit precedent, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). Doing so requires that the plaintiffs plead facts showing the defendant's substantial, continuous and systematic contact with the forum. *Johnston*, 523 F.3d at 609. Here, Plaintiffs' Second Amended Complaint falls short of establishing that Defendant BV is essentially at home in this forum (Dkt. #37-2). As stated above, the Plaintiffs' only asserted basis for jurisdiction is that Defendant BV solicited them for employment in this District (Dkt. #37-2 at p. 2). Such a minimal showing cannot meet Plaintiffs'

---

[3]   According to Defendant BV, in fact, it has no contacts with Texas at all (*See* Dkt. #17-1 at p. 2).

burden to show substantial, systematic, and continuous contact with this district. *See id*. Thus, the Court does not have personal jurisdiction over Defendant BV under a general jurisdiction theory.

**B.    The Court does not have specific jurisdiction over Defendant BV.**

Having settled that the Court cannot exercise general jurisdiction over Defendant BV, the Court now considers whether it can exercise specific jurisdiction. To do so, Plaintiffs must demonstrate that Defendant BV (1) purposefully directed its activities toward Texas and (2) that their claims arise out of or relate to those forum-directed activities. *Sangha*, 882 F.3d at 101. If Plaintiffs fail to show either that Defendant BV contacted the forum or that such contact is sufficient to satisfy the minimum contacts test, the Court cannot exercise specific jurisdiction. *See Seiferth*, 472 F.3d at 271.

Here, Defendant BV disputes both prongs. First, it disputes that it made any contact with Texas (Dkt. #17-1 at p. 2). Second, it argues that if even Plaintiffs could show that the employment letter constituted contact with Texas by Defendant BV, then that isolated contact would still fall short of purposeful availment (Dkt. #17 at p. 20). For the reasons below, the Court agrees with Defendant BV on both grounds; therefore, the Court cannot exercise specific jurisdiction.

**1.    Plaintiffs' Second Amended Complaint does not allege sufficient conduct by Defendant BV directed at this forum.**

Plaintiffs' pleaded facts do not support specific jurisdiction either. Plaintiffs' jurisdictional argument hinges on one claim: that "one or both of Plaintiffs were solicited for employment in this district" (Dkt. #37-2 at p. 2). To support this claim, Plaintiffs provided a job offer letter signed by the CEO of IoT.nxt (Pty) Limited[4] (Dkt. #37-2 at pp. 11–12, 16–17). IoT.nxt addressed the letter to

---

[4] Although Plaintiffs allege that Defendant BV sent the offer letters, the documents themselves bear the name "IoT.nxt (Pty) Ltd" in a banner at the bottom. The letters are also signed by Nico Steyn, identified only as "CEO" (Dkt. #37-2 at pp. 11–12, 16–17). Plaintiffs provide no explanation for this discrepancy.

Plaintiffs by name but did not reference a physical address or identify the Plaintiffs' residence (Dkt. #37-2 at pp. 11–12, 16–17). The letter states only that the employee's "place of work until further notice shall be: The USA based offices (or where otherwise required)" (Dkt. #37-2 at pp. 11–12, 16–17). Plaintiffs allege that they worked for IoT.nxt[5] in Texas because they accepted this offer (Dkt #37-2 at p. 2). But nothing in the Second Amended Complaint connects that outcome to Defendant BV's conduct; Plaintiffs could have unilaterally chosen to work in Texas because the letter vaguely referenced "USA based offices" (Dkt. #37-2 at pp. 11–12, 16–17). Further, Plaintiffs did not attach a sworn declaration or any other evidence to clarify how or where their employment was carried out (*See generally* Dkt. #37-2). Given the offer letter's ambiguity and the Second Amended Complaint's dearth of facts connecting Defendant BV to this district, the Court cannot conclude that they support jurisdiction based on Plaintiffs' bare assertion that they worked for IoT.nxt in Texas. *See Panda Brandywine Corp.*, 253 F.3d at 869 ("the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted"). Without concrete factual allegations and supporting evidence linking Defendant BV to this District, Plaintiffs' Second Amended Complaint fails to establish even a threshold connection between Defendant BV and this forum. Plaintiffs have not identified any forum-specific conduct by Defendant BV or adequately explained the offer letter's relation to this district. Consequently, the Court finds that they did not met their burden show a prima facie case of personal jurisdiction.

---

[5] Although the letter refers to "IoT," it does not specify whether the Plaintiffs are referring to IoT.nxt B.V., the foreign entity that signed the offer letter, or Iot.NXT Americas USA, Inc., a separate domestic entity (*See* Dkt. #37-2 at pp. 11–12, 16–17). Given this ambiguity, the Court cannot attribute the alleged Texas-based employment to IoT.nxt B.V. based on this statement alone.

### 2. Defendants' offer letter cannot independently establish specific jurisdiction even if it were directed to this district.

Given Plaintiffs' heavy reliance on the Defendant BV's offer letter to establish personal jurisdiction, the Court believes that a brief discussion addressing the letter is warranted. To be sure, even if the letter were sent to this forum's citizens to employ them within the forum, that alone would be insufficient to create specific jurisdiction over Defendant BV. The Fifth Circuit has made clear that a single communication with a forum resident, even if related to the claims at issue, is insufficient to establish minimum contacts. *See Panda Brandywine Corp.*, 253 F.3d at 869 ("It is well established that an exchange of communications in the course of developing and carrying out a contract [with a forum resident] does not, by itself, constitute the required purposeful availment").

Here, Plaintiffs offered a single communication—the offer letter—to a forum resident. Plaintiffs allege that this is sufficient to create personal jurisdiction over Defendant BV (Dkt. #37-2 at p. 2). But Plaintiffs are mistaken. The Fifth Circuit rejected a near-identical argument where a foreign employer sent an employment offer to a Texas resident. *Sangha*, 882 F.3d at 103. In *Sangha*, the court found no personal jurisdiction even though the offer was directed to the forum because the employer did not conduct business in Texas, seek out, or engage in regular business with Texas residents. *Id.* In doing so, the court in *Sangha* emphasized that purposeful availment requires forum-directed conduct beyond the mere act of sending an employment offer. *Id.* at 103. To make matters clearer, the Fifth Circuit has found that a contract is insufficient to establish minimum contact with the forum state when the contract is not signed in and does not call for performance in the state. *Monkton Ins. Servs.*, 768 F.3d at 433 (citation omitted) ("We have previously explained that a defendant does not have a minimum contacts with a state when . . . the contract underlying

the business transaction at issue in the lawsuit was not signed in the state and did not call for performance in the state").

Here, the offer letter did not require performance in Texas, nor did it specify that Plaintiffs would work in this district (Dkt. #37-2 at pp. 11–12, 16–17). Instead, it stated only that they would work in a "USA-based office" (Dkt. #37-2 at pp. 11–12, 16–17). Plaintiffs allege that they later worked in Texas as a result of accepting the offer letter, but they did not allege that Defendant BV assigned them to Texas, oversaw their work in Texas, or maintained any continuing obligations in Texas (Dkt. #37-2). In other words, Plaintiffs' claims do not arise out of any Texas-directed conduct by the Defendant BV. Accordingly, even if Defendant BV knowingly sent the contract to this forum's residents intending to employ them in this forum, that alone would not establish personal jurisdiction over Defendant BV, a foreign defendant, under well-settled Fifth Circuit precedent. *See Sangha*, 882 F.3d at 103; *Panda Brandywine Corp.*, 253 F.3d at 869; *Monkton Ins. Servs.*, 768 F.3d at 433. The Court will therefore **GRANT** Defendants' Motion on this ground.

## II.  Failure to State a Claim

Because the Court has dismissed Plaintiffs' claims for lack of personal jurisdiction under Rule 12(b)(2) without prejudice and granted Plaintiffs leave to file a Third Amended Complaint (*See* Dkt. #52), it need not—and indeed cannot—reach the merits of the Defendant BV's Motion under Rule 12(b)(6) at this time. Defendant BV's Motion to Dismiss (Dkt. #16) is therefore **DENIED as moot**. Should Plaintiffs file a Third Amended Complaint, Defendant BV may re-urge or supplement its Rule 12(b)(6) Motion, and the Court will consider any such arguments on the updated pleadings at that time.

## CONCLUSION

It is therefore **ORDERED** that Defendant IoT.nxt, B.V.'s Rule 12(b)(2) and 12(b)(6) Motions to Dismiss (Dkt. #17) are hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Defendant IoT.nxt, B.V.'s Supplement to Rule 12(b)(2) and 12(b)(6) Motions to Dismiss (Dkt. #27) is hereby **DENIED as moot**.

It is further **ORDERED** that Plaintiffs file a Third Amended Complaint within fourteen days of the entry of this Order. Failure to timely file a Third Amended Complaint will result in dismissal with prejudice as to Defendant BV without further notice.

**IT IS SO ORDERED.**