# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SUNIL UNNIKRISHNAN and JASON BRADLEE, § § § *Plaintiffs,* § v. § § § Civil Action No. 4:22-cv-870 IOT.NXT AMERICAS USA, INC., § Judge Mazzant IOT.NXT, B.V., VODACOM GROUP § LIMITED and VODAFONE GROUP, § PLC, § § § *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike Plaintiffs' Supplemental Response to Rule 12 (b)(2) and (b)(6) Motions to Dismiss of Defendants (Dkt. #40). After careful review of the Motion and relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is an employment case involving allegedly unpaid compensation and equity interests. On October 12, 2022, Plaintiffs filed suit against Defendants IoT.nxt Americas USA, Inc. ("IoT USA"), IoT.nxt B.V. ("BV"), Vodacom Group Limited ("Vodacom"), and Vodafone Group, PLC ("Vodafone") (collectively, "Defendants") (See Dkt. #37-2 at p. 1). Through it, Plaintiffs allege various causes of action against Defendants, including breach of contract, fraud, promissory estoppel, conversion, and a declaratory judgment (Dkt. #37-2 at pp. 7-8). The issue before the Court is whether it should strike as untimely Plaintiff's Supplemental Response in opposition to Defendants' Motion to Dismiss (*See* Dkt. #38).

On October 2, 2023, Defendants Vodacom and Vodafone first moved to dismiss under Rules 12(b)(2) and 12(b)(6) (Dkt. #15). On November 6, 2023, Plaintiffs filed their Response, arguing that the Complaint adequately pleaded facts establishing personal jurisdiction and all alleged claims (Dkt. #22; *see* Dkt. #1). Curiously, Plaintiff also filed a so-called "Amended Complaint"[1] that day (Dkt. #20). On December 11, 2023, Defendants Vodacom and Vodafone filed their Reply, contending that Plaintiffs' First and Second Amended Complaints[2] offered only conclusory assertions and failed to adequately plead sufficient facts relating to jurisdiction or the elements of their claims (Dkt. #29).[3]

The same day, Defendants Vodacom and Vodafone filed a Supplemental Motion to Dismiss maintaining that Plaintiff's Second Amended Complaint similarly could not support personal jurisdiction and failed to state a claim (Dkt. #26). On December 22, 2023, Plaintiffs filed their Amended Response contending that the Second Amended Complaint adequately pleaded facts supporting personal jurisdiction and viable claims against Defendants (Dkt. #35). On February 9, 2024, Plaintiffs moved for leave to file their Second Amended Complaint (Dkt. #37). The same day, Plaintiffs also filed their Supplemental Response in opposition to Defendants' Motions to Dismiss (Dkt. #38). On February 23, 2024, Defendants filed their Response opposing Plaintiffs'

---

[1] The Court recognizes that Plaintiff's filing of the Amended Complaint would ordinarily render Defendants' Motions to Dismiss moot. But Plaintiff's Amended Complaint is substantively identical to its original Complaint, differing only in that it correct various misspellings (*compare* Dkt. #1, *with* Dkt. #20). Those changes are too trivial to justify mooting Defendants' Motions.

[2] In light of the Court's Order granting Plaintiff's leave to amend, the Second Amended Complaint is the operative complaint in this case (Dkt. #52; *see* Dkt. #37-2). The Court will accordingly consider Defendants' pending Motions to Dismiss as directed towards Plaintiff's Second Amended Complaint.

[3] The Court notes that the parties use different names to refer to the same pleadings. Here, Plaintiff's "Amended Complaint" (Dkt. #20) is described by Defendants as the "Second Amended Complaint" (*See* Dkt. #40 at p. 2). Similarly, in another brief, Defendants describes as an "Amended Complaint" the filing Plaintiffs simply call their "Complaint" (*compare* Dkt. #6, *with* Dkt. #15 at p. 1). To avoid confusion, the Court will adopt Plaintiff's nomenclature and refer to the pleadings using the titles Plaintiffs assigned in their filings.

Motion for Leave to File Second Amended Complaint (Dkt. #39). The same day, Defendants filed their Motion to Strike Plaintiffs' Supplemental Response (Dkt. #40). Defendants' Motion to Strike is now ripe for adjudication.

## LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Court has the authority to act on its own or pursuant to a "motion made by a party either before responding to the pleading or, if a response is not allowed, within [twenty-one] days after being served with the pleading." FED. R. CIV. P. 12(f)(1)–(2). The Fifth Circuit has stated that motions to strike are generally disfavored. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1058 (5th Cir. 1982). They are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it is often sought by a movant simply as a dilatory tactic. *See Bailey Lumber & Supply Co. v. Georgia- Pac. Corp.*, No. 1:08-CV-1394-LG-JMR, 2010 WL 1141133, at *4–5 (S.D. Miss. Mar. 19, 2010) (citing *FDIC v. Niblo*, 821 F. Supp. 441 (N.D. Tex. 1993)). Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties. *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*, No. CIV.A.09-6270, 2010 WL 1731204, at *5 (E.D. La. Apr. 28, 2010) (citing *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006); *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 401 (E.D. Pa. 2002)). The Court has considerable discretion in ruling on a motion to strike. *Bailey*, 2010 WL 1141133, at *4–5 (citing *Niblo*, 821 F. Supp. at 449).

## ANALYSIS

The issue before the Court is whether it should strike Plaintiff's Supplemental Response to in opposition to Defendants' Motion to Dismiss as untimely (*See* Dkt. #38). Defendants argue that the Court should because it "relies entirely" on Plaintiffs' Second Amended Complaint, for which leave had not yet been granted (Dkt. #40 at ¶ 9). Next, Defendants assert that because Plaintiffs' Supplemental Response relies on Plaintiffs' Second Amended Complaint, Plaintiffs impermissibly pleaded new factual allegations (Dkt. #40 at ¶ 8). Lastly, Defendants contend that Plaintiffs' late filing of their Supplemental Response violates the Court's Local Rules (Dkt. #40 at ¶ 10). *See* Local Rule CV-7(e) ("A party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision").

The Court agrees that Plaintiffs' filing of their Supplemental Response is, strictly speaking, deficient under the Local Rules. Defendants filed their Motions to Dismiss on October 2, 2023 (*See* Dkt. #15; Dkt. #16; Dkt. #17). Plaintiffs filed their Supplemental Response months later on February 9, 2024 (*See* Dkt. #38). That is unquestionably late. Under Rule 12(b)(6), however, the Court has "considerable discretion" to consider the legal sufficiency of claims and to permit supplementation or clarification of pleadings where necessary to ensure fair adjudication. *Bailey*, 2010 WL 1141133, at *4–5 (citing *Niblo*, 821 F. Supp. at 449). Given that Plaintiffs' Supplemental Response will allow the Court to better understand the merits of the case, the Court will exercise its discretion and consider Plaintiffs' Supplemental Response (*See* Dkt. #38).

The Court's approach is warranted for multiple reasons. First, considering Plaintiff's Supplemental Response would not unduly prejudice Defendants. *See Forman v. Davis*, 371 U.S. 178,

182 (1962) ("In the absence of any apparent . . . undue prejudice to the opposing party, . . . the leave sought should, as the rules require, be 'freely given.'"). Second, it promotes the values embodied by the Federal Rules of Civil Procedure on this point, preferring Courts to resolve matters on the merits rather than on procedural defaults where no bad faith or intentional delay is evident. *Id.* at 181 ("It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").

Defendants have not shown that Plaintiffs' Supplemental Response is so unrelated to Plaintiffs' claims as to be unworthy of consideration. And considering Plaintiffs' Supplemental Response promotes fairness without causing material harm. The Court accordingly finds that Defendant's Motion should be **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that Defendants Vodacom Group Limited and Vodafone Group, PLC's Rule 12(f) Motion to Strike (Dkt. #40) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 28th day of July, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE