# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SUNIL UNNIKRISHNAN and JASON BRADLEE, §§§§ *Plaintiffs*, § v. § IOT.NXT USA, INC., §§§ *Defendant*. § | Civil Action No. 4:22-cv-870 Judge Mazzant |

SUNIL UNNIKRISHNAN and JASON BRADLEE,

      *Plaintiffs*,

v.

IOT.NXT USA, INC.,

      *Defendant*.

Civil Action No. 4:22-cv-870

Judge Mazzant

## MEMORANDUM OPINION AND ORDER

Pending before the Court are various motions. Having considered the motions, the relevant pleadings, and the applicable law, the Court finds as follows:

1. Defendant IoT.nxt USA, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiffs' Third Amended Complaint and Motion to Strike Exhibits (the "Motion to Dismiss") (Dkt. #59) should be **DENIED**;

2. Plaintiffs' Motion for Leave to File Fourth Amended Complaint with Corrected Exhibit and Declarations ("Motion for Leave to File Fourth Amended Complaint") (Dkt. #63) should be **DENIED as moot**; and

3. Plaintiff's Motion for Leave to File Surrejoinder to Defendant's Surreply to Plaintiff's Motion for Leave to File Fourth Amended Complaint ("Motion for Leave to File Surrejoinder") (Dkt. #70) should be **DENIED as moot**.

## BACKGROUND

This is an employment case involving allegedly unpaid compensation and equity interests. On October 14, 2022, Sunil Unnikrishnan ("Unnikrishnan") and Jason Bradlee ("Bradlee") (collectively, "Plaintiffs") filed suit against various entities (Dkt. #1). Plaintiffs amended their complaint three times (Dkt. #6; Dkt. #20; Dkt. #58), and the Court dismissed some of the entities originally identified as defendants in this case (Dkt. #52; Dkt. #54). Within Plaintiffs' Third Amended Complaint, Plaintiffs assert the following claims against Defendant IoT.nxt USA, Inc.

("Defendant"): (1) breach of contract; (2) fraud; (3) promissory estoppel; and (4) a declaratory judgment (Dkt. #58 at ¶¶ 27–34).

On August 21, 2025, Defendant filed its Motion to Dismiss, arguing Plaintiffs have failed to state claims for relief upon which relief can be granted (Dkt. #59). Specifically, Defendant identifies certain deficiencies in Plaintiffs' Third Amended Complaint under Rule 12(b)(6) and Rule 9(b)'s heightened pleading standard (Dkt. #59 at pp. 1–2). Moreover, relying on Federal Rule of Evidence 901(a), Defendant moves to strike the exhibits attached to Plaintiffs' Third Amended Complaint, arguing Plaintiffs failed to authenticate such documents (Dkt. #59 at p. 14).

On September 11, 2025, Plaintiffs responded and filed their Motion for Leave to File Fourth Amended Complaint (Dkt. #62; Dkt. #63). Within Plaintiffs' proposed Fourth Amended Complaint (Dkt. #64), Plaintiffs replaces an unsigned copy of Unnikrishnan's employment offer letter with a signed copy (Dkt. #64-3), and Plaintiffs further attach their declarations authenticating all exhibits attached to the complaint (Dkt. #64-13; Dkt. #64-14). The parties have provided the Court with their briefing on the issues raised in both Motions (Dkt. #65; Dkt. #66; Dkt. #67; Dkt. #68; Dkt. #69).

Finally, on October 16, 2025, Plaintiffs filed their Motion for Leave to File Surrejoinder (Dkt. #72; Dkt. #71). Defendant responded, and Plaintiffs replied (Dkt. #72; Dkt. #73). All Motions are now ripe for adjudication.

## LEGAL STANDARD

### I.   Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or

3

elements.'" *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

II.   **Rule 9(b)**

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide defendants with fair notice of the plaintiffs' claims, protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent plaintiffs from filing baseless claims . . . ." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)) (citation modified).

Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186. "Claims alleging violations of the Texas Insurance Code and

4

the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentations claims subject to Rule 9(b) in the same manner as fraud claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *U.S. ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

Defendant urges the Court to dismiss Plaintiffs' claims, to strike all exhibits attached to Plaintiffs' Third Amended Complaint, to deny Plaintiffs leave to file a Fourth Amended Complaint, and to deny Plaintiffs leave to file their Surrejoinder. As explained below, the Court finds Defendant's Motion to Dismiss (Dkt. #59) should be denied, and Plaintiffs' Motion for Leave to file Fourth Amended Complaint (Dkt. #63) and Plaintiffs' Motion for Leave to File Surrejoinder (Dkt. #70) should be denied as moot.

### I.     Defendant's Motion to Dismiss

In its Motion to Dismiss, Defendant argues the following: (1) Plaintiffs fail to plead any facts tying their alleged harm to Defendant (Dkt. #59 at ¶ 18); (2) Plaintiffs fail to state claims for breach of contract because they have not alleged the existence of valid contracts between Plaintiffs and Defendant (Dkt. #59 at ¶¶ 19–22); (3) Plaintiffs' estoppel claims also fail to identify a valid contract and are not plead in the alternative (Dkt. #59 at ¶¶ 23–25); and (4) Plaintiffs' fraud claims fail to

meet the heightened pleading standard under Rule 9(b) (Dkt. #59 at ¶¶ 26–25). Finally, Defendant separately moves to strike the exhibits attached to Plaintiffs' Third Amended Complaint, arguing Plaintiffs failed to authenticate the exhibits in violation of Federal Rule of Evidence 901 (Dkt. #59 at ¶ 30).

The Court begins by addressing Defendant's motion to strike found within its Motion to Dismiss. Defendant directs the Court to *Campos v. Steve & Sons, Inc*. to argue Plaintiffs failed to authenticate the exhibits attached to their Third Amended Complaint in violation of Federal Rule of Evidence 901 (Dkt. #59 at ¶ 30). 10 F.4th 515, 522–23 (5th Cir. 2021). The Court does not find this caselaw applicable to the instant motion because, in *Campos*, the Fifth Circuit was reviewing a motion for summary judgment under Rule 56, which imposes a different evidentiary standard on the movant than the one imposed on a plaintiff at the pleading stage. *Id*. at 522. Thus, the Court finds the exhibits attached to Plaintiffs complaint need not be authenticated and should not be stricken from the record or disregarded as Defendant requests.

Next, the Court addresses Defendant's Motion to Dismiss as it relates to the alleged pleading deficiencies. After reviewing Plaintiffs' Third Amended Complaint and the arguments presented in the briefs, the Court finds that Plaintiffs have stated plausible claims for relief under Rule 12(b)(6) and Rule 9(b).[1] Dismissal is unwarranted. Defendant's Motion to Dismiss should therefore be **DENIED**.

---

[1] Specifically, with respect to Defendant's argument that Plaintiffs promissory estoppel claims should be dismissed because they were not plead in the alternative, the "Federal Rules of Civil Procedure allow a party to assert separate claims under alternative theories of liability." *Fulcrum Credit Partners LLC v. Chipmos Techs. Inc.*, No. A-10-CA-060-SS, 2010 WL 11444280, at *8 (W.D. Tex. Mar. 30, 2010) (citing Fed. R. Civ. P. 8(d)(2)). However, a plaintiff need not use the "magic words 'in the alternative'" to successfully plead an alternative theory. *Id*.

## II. Plaintiffs' Motions for Leave

Because the Court has determined Plaintiffs' Third Amended Complaint survives dismissal, the Court finds that both Plaintiffs' Motion for Leave to File Fourth Amended Complaint with Corrected Exhibit and Declarations (Dkt. #63) and Plaintiffs' Motion for Leave to File Surrejoinder to Defendant's Surreply to Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Dkt. #70) should be **DENIED as moot.**

## CONCLUSION

It is therefore **ORDERED** that Defendant IoT.nxt USA, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiffs' Third Amended Complaint and Motion to Strike Exhibits (Dkt. #59) is hereby **DENIED**.

It is further **ORDERED** that Plaintiffs' Motion for Leave to File Fourth Amended Complaint with Corrected Exhibit and Declarations (Dkt. #63) and Plaintiffs' Motion for Leave to File Surrejoinder to Defendant's Surreply to Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Dkt. #70) are hereby **DENIED as moot**.

**IT IS SO ORDERED.**

SIGNED this 3rd day of February, 2026.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE